Case 4:16-cv-00202 Document 50 Filed in TXSD on 01/24/17 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 24, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINA WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-0202 |
| | § | |
| IGLOO PRODUCTS CORP., | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Pending before the court are Plaintiff's Motion and Complaint to Recuse Magistrate Judge Pursuant to 28 U.S.C. § 455 - Disqualification, and Pursuant to 28 U.S.C. § 144 ("Pl.'s Mot. to Recuse Mag. J.") (Docket Entry No. 42) and Plaintiff's Written Objection to Document #47 and All Documents Filed by Defendant (Docket Entry No. 48).

### I. Case Background

Plaintiff filed this action against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII") alleging that Defendant discriminated against Plaintiff based on her race, sex, and color, and that Defendant retaliated against and terminated Plaintiff for reporting harassment.[1] Plaintiff also brings other claims under Titles 42, 29, and 18 of the United States Code.

---

[1] See Employment Discrimination Complaint - Original Complaint ("Pl.'s Complaint"), Docket Entry No. 1; Amended Documents - Complaint ("Pl.'s Amended Complaint"), Docket Entry No. 38, pp. 5-6.

Plaintiff has filed numerous motions in this case. Plaintiff moved for a default judgment on May 20, 2016,[2] which the court denied because Defendant filed an answer by the deadline.[3] On June 15, 2016, the court held a hearing at which it denied

> Plaintiff's Motion for More Definitive Answer and/or Pleading and Clarification of Specifics in Responsive Pleading Filed as Document 8 on 05/02/16 (Docket Entry No. 11) and

> Plaintiff's Complaint of Defendant's Impropriety and Motion for Probable Cause in Opposition of Defendant's Obstruction of Justice and Perjury, and Motion to Hold Defendant and Defendant's Counsel in Contempt of Court, Regarding the Falsification of Defendant's Electronically Document 8 Filed 05/02/16, and Motion to Deny Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) If and When Filed, and Order for Defendant to Show Cause (Docket Entry No. 12).[4]

The court held another hearing on October 5, 2016, at which it granted in part Plaintiff's Motion to Compel the production of any audio or video recording of the incident if available.[5] At that hearing Defendant produced for inspection the original signed copy of the arbitration agreement.[6]

---

[2] Plaintiff's Motion for Entry of Default Judgment, Docket Entry No. 9.

[3] See Memorandum and Recommendation, Docket Entry No. 23; Order Adopting Magistrate Judge's Memorandum and Recommendation (dated July 19, 2016), Docket Entry No. 26.

[4] See Courtroom Minutes-Order (dated June 15, 2016), Docket Entry No. 21.

[5] See Courtroom Minutes-Order (dated October 6, 2016), Docket Entry No. 39.

[6] See id.

On October 19, 2016, Plaintiff filed the pending motion to recuse and an affidavit in support of her motion.[7] On December 13, 2016, the court recommended granting Defendant's Motion to Dismiss and Compel Arbitration (Docket Entry No. 25), finding that Plaintiff did not provide any evidence, other than conclusory assertions that the signature on the arbitration agreement was a forgery, in response to Defendant's evidence that an employee witnessed Plaintiff sign the arbitration agreement.[8]

## II. Motion for Recusal

In her motion and accompanying affidavit, Plaintiff complains that the magistrate judge ignored information Plaintiff submitted to the court, allowed Defendant to submit forged documents, and did not send Plaintiff a copy of a minute entry. Plaintiff asks that the magistrate judge's rulings and minute entries be vacated on the grounds of bias, and that Defendant's pleadings be stricken.

Plaintiff specifically asks for a recusal of the magistrate judge along with dismissal without prejudice of Docket Entry Nos. 8, 16, 17, 21, 22, 23, 25, 26, 31, 37, 39, and "any future Documents filed by the Defendant."[9] Plaintiff accuses Defendant,

---

[7]See Pl.'s Mot. to Recuse Mag. J., Docket Entry No. 42,; Affidavit in Support of Recusal and Complaint Against Magistrate Judge ("Plaintiff's Affidavit"), Docket Entry No. 43.

[8]See Memorandum and Recommendation, Docket Entry No. 47.

[9]See Pl.'s Mot. to Recuse Mag. J., Docket Entry No. 42, p. 25.

as she has in previous motions, of violating various sections of Title 18 of the United States Code (the "Federal Criminal Code").[10] Plaintiff also accuses the magistrate judge of ignoring evidence and Plaintiff's causes of action.[11]

Along with the motion for recusal, Plaintiff submitted an affidavit asserting that: Defendant and Defendant's counsel violated various sections of the Federal Criminal Code and the Texas Penal Code; the magistrate judge ignored evidence; Defendant forged documents, including the arbitration agreement; and Plaintiff never received Docket Entry No. 31 from Defendant.[12]

Section 455 of Title 28 directs a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Certain specific circumstances require that the judge recuse, including where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard for determining whether a judge should recuse based on Section 455 is "whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999) (quoting Vieux Carre Property Owners, Residents, and Assocs., Inc. v. Brown, 948 F.2d 1436, 1448 (5th Cir. 1991)).

---

[10] See id. at 7-9.

[11] See id. at 1-25.

[12] See Pl.'s Affidavit, Docket Entry No 43.

Section 144 of Title 28 states in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Judicial rulings, courtroom administration efforts, and ordinary admonishments to counsel and to witnesses are not valid bases for motions to recuse for personal bias or prejudice. See Liteky v. United States, 510 U.S. 540, 556 (1994) ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune [from establishing a bias]."); see also Raborn v. Inpatient Mgmt. Partners, Inc., 352 F. App'x 881, 884 (5th Cir. 2009) (unpublished) (quoting Liteky, 510 U.S. at 555, stating that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). The disqualification decision is within the "sound discretion" of the judge. In re Deepwater Horizon, 824 F.3d 571, 579-80 (5th Cir. 2016).

Plaintiff's complaints about several of the magistrate judge's rulings are not a valid basis upon which a judge may be recused. The magistrate judge reviewed all of Plaintiff's motions and filings, gave plaintiff multiple opportunities to be heard in

court, and explained to Plaintiff that she cannot bring causes of action under the Federal Criminal Code. In her affidavit and motion Plaintiff complains that Defendant has submitted forged documents to the court, including the arbitration agreement that is the subject of the magistrate judge's Memorandum and Recommendation. However, Plaintiff has not provided the court with persuasive evidence that any document was a forgery.

The court finds that Plaintiff's allegations do not demonstrate a "deep-seated favoritism or antagonism" toward any party. See In re Deepwater Horizon, 824 F.3d at 579-80. After reviewing the totality of Plaintiff's complaints about the magistrate judge and the documents deemed objectionable by Plaintiff, Plaintiff's Motion and Complaint to Recuse Magistrate Judge Pursuant to 28 U.S.C. § 455 - Disqualification, and Pursuant to 28 U.S.C. § 144 (Docket Entry No. 42) is **DENIED**.

### III. Memorandum and Recommendation

Pursuant to Federal Rule of Civil Procedure 72, the court must review decisions on nondispositive motions by the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). When the court reviews decisions by the magistrate judge on dispositive motions it is a de novo review. Fed. R. Civ. P. 72(b)(3).

The court has conducted a de novo review of the magistrate judge's Memorandum and Recommendation (Docket Entry No. 47) in

light of Plaintiff's objections, Defendant's response, and the applicable law. The court is of the opinion that said Memorandum and Recommendation should be adopted by this court.

Accordingly, the Memorandum and Recommendation (Docket Entry No. 47) is hereby **ADOPTED** by this court. Defendant's Motion to Dismiss and Compel Arbitration (Docket Entry No. 25) is **GRANTED**. A district court has the discretion to dismiss an action when all the issues must be submitted to arbitration. <u>Alford v. Dean Witter Reynolds, Inc.</u>, 975 F.2d 1161, 1164 (5th Cir. 1992). Because the court has granted Defendant's Motion to Dismiss and Compel Arbitration, there is no reason to retain jurisdiction over the action, and it will be dismissed without prejudice.

The Clerk shall send copies of this Order to the respective parties.

**SIGNED** at Houston, Texas, on this 24th day of January, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE